**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1149
_____

United States of America,

v.

David Piaquadio

Appellant

_____

On Appeal from the United States District Court for the
Middle District of Pennsylvania
(District Court No. 4:15-CR-00249)
District Judge: Honorable Christopher C. Conner

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
November 6, 2025

(Filed November 21, 2025)

Before:  PHIPPS, ROTH, and RENDELL, *Circuit Judges*.
_____

O P I N I O N*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**RENDELL**, *Circuit Judge*.

Defendant-Appellant David Piaquadio appeals the District Court's denial of his motion for compassionate release. The District Court based its denial on the mistaken belief that Piaquadio had only served five years of his sentence, rather than the actual ten years he had served, and neglected to consider Piaquadio's post-sentencing mitigation evidence. We will vacate the District Court's order and remand to allow the District Court to fully consider Piaquadio's ten years served and post-sentencing mitigation evidence in its 18 U.S.C. § 3553(a) analysis.

## I.

Piaquadio struggled with opioid addiction after he was overprescribed oxycodone pills and fentanyl patches for pain management. Piaquadio regularly sold his prescriptions of oxycodone pills and fentanyl patches to buy himself heroin. Piaquadio gave a fentanyl patch to a Joshua Moroschok who later overdosed. Moroschok recovered after a medical intervention. In relation to these events, state authorities arrested Piaquadio in April 2015 and transferred him to federal custody in October 2015.

On July 25, 2019, after a nonjury trial, Judge Conner of the Middle District of Pennsylvania found Piaquadio guilty of one count of conspiracy to distribute Oxycodone, fentanyl, and heroin in violation of 21 U.S.C. § 846 and three counts of possession with intent to distribute controlled substances in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The District Court also found Piaquadio's distribution of fentanyl resulted in serious bodily injury to Moroschok. Judge Conner sentenced Piaquadio to 240 months of imprisonment on August 31, 2020.

Piaquadio filed a compassionate release motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A). Piaquadio's motion alleges he faces stage IV kidney disease, a terminal illness. Piaquadio, now sixty-nine years old, also alleges that the aging process has substantially diminished his ability to provide self-care and that he suffers from insulin-dependent diabetes, chronic hepatitis C, hypothyroidism, spinal stenosis, and degenerative joint disease. Piaquadio submitted evidence to the District Court that the Bureau of Prisons (BOP) assessed him as a minimum security risk and as having a minimal likelihood of recidivism; he maintains a work assignment; he took vocational, educational, wellness and drug courses; he created a release plan to live with family; and release would allow him to seek medical treatment.

The District Court denied Piaquadio's motion for compassionate release. The District Court assumed Piaquadio's medical conditions were sufficient to qualify for compassionate release but held the § 3553(a) factors did not support reducing his sentence. The District Court's § 3553(a) analysis considered only three factors—the seriousness of the offense, the need to protect the public from Piaquadio's abuses, and, crucially, time served. In considering Piaquadio's time served, Judge Conner provided that: "the court conclud[es] that the immediate reduction of the twenty-year prison sentence Piaquadio began serving less than five years ago to a sentence of time-served . . . is unwarranted at this time under the circumstances." App. 5. Piaquadio appeals because he served nearly ten years of his sentence, not five, and the District Court failed to consider his post-sentencing mitigation evidence.

3

## II.[1]

We review the District Court's determination that the § 3553(a) factors do not weigh in favor of granting compassionate release for abuse of discretion. *United States v. Pawlowski*, 967 F.3d 327, 330 (3d Cir. 2020). "[W]e will not disturb the District Court's decision 'unless there is a definite and firm conviction that [it] committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors.'" *Id.* (alteration in original) (quoting *Oddi v. Ford Motor Co.*, 234 F.3d 136, 146 (3d Cir. 2000)). A district court abuses its discretion when it bases a fact-driven sentencing decision on clearly erroneous factual conclusions. *United States v. Richards*, 674 F.3d 215, 220 (3d Cir. 2012) (citing *United States v. Wise,* 515 F.3d 207, 217 (3d Cir. 2008). Even if a district court's sentencing decision contained a clear error, "we may still uphold its sentence if the error was harmless," meaning "there is a high probability" the judge would impose the same sentence without the error. *United States v. Zabielski*, 711 F.3d 381, 386–87 (3d Cir. 2013). "'High probability' requires that the court possess a 'sure conviction' that the sentence would be the same, not merely an assumption that 'places us in the zone of speculation and conjecture.'" *United States v. Raia*, 993 F.3d 185, 195 (3d Cir. 2021) (quoting *United States v. Langford*, 516 F.3d 205, 215 (3d Cir. 2008)). The party seeking to maintain the sentence bears the burden of showing the error was harmless. *Id.*

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

4

A district court may grant compassionate release if there are extraordinary and compelling reasons warranting a reduction and release would be consistent with the § 3553(a) sentencing factors. 18 U.S.C. § 3582(c)(1). District courts may also consider the amount of time left in a sentence when deciding whether to grant compassionate release. *Pawlowski*, 967 F.3d at 330–31. District courts carry a "standard obligation" to demonstrate they considered the parties' nonfrivolous arguments. *Concepcion v. United States*, 597 U.S. 481, 484 (2022). Further, "evidence of post[-]sentencing rehabilitation may be highly relevant to several of the § 3553(a) factors."[2] *Pepper v. United States*, 562 U.S. 476, 491 (2011). If we consider "an explanation inadequate in a particular case, [we] can send the case back to the district court for a more complete explanation." *Chavez-Meza v. United States*, 585 U.S. 109, 116 (2018).

The District Court must reach its conclusions after a "*weighing of the relevant factors.*" *Pawlowski*, 967 F.3d at 330 (emphasis added) (quoting *Oddi*, 234 F.3d at 146). Here, the District Court gave weight to a factor based on an erroneous fact and gave none to Piaquadio's relevant post-sentencing mitigation evidence.

The Government asks us to assume the District Court meant the correct amount of time served based on the context of the record and Judge Conner's familiarity with the case. The plain meaning of the District Court's order shows that it believed Piaquadio had only served five years: "[T]he immediate reduction of the twenty-year prison sentence

---

[2] This Court *requires* district courts to consider post-sentencing mitigation evidence raised by the parties in the context of First Step Act motions. *United States v. Shields,* 48 F.4th 183, 191 (3d Cir. 2022).

5

Piaquadio began serving less than five years ago . . . is unwarranted at this time under the circumstances." App. 5. The Government claims, "[T]he more reasonable reading of that statement is that the same considerations from Piaquadio's sentencing just five years earlier are still relevant to considering the instant motion." Appellee Br. 17. That interpretation finds no support in the text of the order. We cannot assume Judge Conner remembered correctly because a "judge who presided over a defendant's sentencing hearing years or even decades ago may not have a clear memory of the original sentencing, especially considering that district judges sentence, on average, over a hundred defendants each year." *Shields*, 48 F.4th at 193. Because we lack indication from Judge Conner that he has relied on his familiarity with the matter and because of the five years separating Judge Conner's sentencing from the instant denial, we cannot use the Government's requested interpretation while ignoring the plain meaning of the District Court's order.

Even applying the harmless error rule, which the Government does not argue applies, we lack "sure conviction" that this error did not prejudice Piaquadio. *Raia*, 993 F.3d at 195. This error underpinned one of the District Court's three reasons for denial and could have influenced the District Court's consideration of the other two factors. The Government did not carry its burden to show that the error was harmless.

The Government also argues the District Court's decision, while concise, had a reasoned basis—the seriousness of the offense and the need to protect the public. The District Court only provided three factors underlying its decision, so those three factors

6

likely weighed heavily—including the one based on an erroneous fact. Thus, we are uncertain the District Court had a reasoned basis for its decision. Additionally, the Government asserts that a district court's failure to give mitigating factors the weight a defendant seeks does not amount to an abuse of discretion. However, we are not reviewing the weight the District Court gave to mitigating factors, but rather its failure to consider them at all. The District Court did not discuss relevant mitigating factors that Piaquadio briefed and failed to even state that it considered them—specifically or by general reference. The District Court's only reference, by citation, to Piaquadio's brief and reply related to the discussion of his extraordinary and compelling medical condition. Piaquadio's post-sentencing rehabilitation evidence is highly relevant to his "history and characteristics" and the District Court's duty "to 'impose a sentence sufficient, but not greater than necessary.'" *Pepper*, 562 U.S. at 492–93 (quoting 18 U.S.C. § 3553(a)). Thus, we cannot say the District Court reached its conclusions after a "*weighing of the relevant factors*." *Pawlowski*, 967 F.3d at 330 (emphasis added) (quoting *Oddi*, 234 F.3d at 146).

Because the District Court's § 3553(a) analysis relied on an erroneous fact and neglected Piaquadio's nonfrivolous arguments, it abused its discretion in denying Piaquadio's motion for compassionate release.

### III.

The Government also argues that Piaquadio's medical conditions do not constitute extraordinary and compelling reasons for compassionate release. The District Court

7

assumed Piaquadio's medical conditions were extraordinary and compelling, and Piaquadio does not question that on appeal. We will reserve further consideration of this question for the District Court.

IV.

For these reasons, we will vacate the District Court's order and remand for further proceedings consistent with this opinion.[3]

---

[3] Judge Phipps agrees that in denying David Piaquadio's motion for compassionate release, the District Court erred by misstating the amount of the sentence that Piaquadio had already served. Nonetheless, the rule of harmless error applies and need not be affirmatively raised by the Government. *See*, *e.g.*, *United States v. Zabielski*, 711 F.3d 381, 387 (3d Cir. 2013) ("[A] non-constitutional error is harmless when 'it is highly probable that the error did not prejudice' the defendant." (quoting *United States v. Langford*, 516 F.3d 205, 215 (3d Cir. 2008))); *see also TD Bank N.A. v. Hill*, 928 F.3d 259, 270 (3d Cir. 2019) (recognizing that an appellate court may affirm "on any basis supported by the record, even if it departs from the District Court's rationale"). And as he sees it, the two other rationales provided by the District Court for denying Piaquadio's motion for compassionate relief independently justify the District Court's ruling. The offense was unquestionably serious: in 2015, during the peak of the opioid epidemic, Piaquadio was selling hundreds of prescription opioids and fentanyl patches per month, and that conduct contributed to an overdose. Also, the need to protect the public from Piaquadio remained a strong interest even ten years later because Piaquadio was actively selling opioids and fentanyl patches so that he himself could use heroin even at age 58. Because Judge Phipps is confident that it is "highly probable the error did not prejudice" Piaquadio, *Zabielski*, 711 F.3d at 387, he would affirm the denial of the motion for compassionate release.